UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRADLEY BENES, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CENLAR FSB,<br><br>    Defendant. | Case No. 1:22-cv-03177<br><br>Honorable Judge Dow |

**JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties submit the following Initial Status Report.

**1.**

    **A.**     **Parties:**

For Plaintiff:

**Mohammed O. Badwan**
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148
P: (630) 575-8180
mbadwan@sulaimanlaw.com

For Defendant:

**Nicholas D. O'Conner**
**Ryan A. Sawyer**
**Thomas J. Cunningham**
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0494
noconner@lockelord.com
ryan.sawyer@lockelord.com
tcunningham@lockelord.com

    **B.**     **Basis for Federal Jurisdiction:** The Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

    **C.**     **Nature of Claims:** Plaintiff contends Defendant violated §§1692e and f of the FDCPA by attempting to collect a mortgage debt that was discharged in Plaintiff's bankruptcy.

Specifically, Plaintiff alleges that Defendant made false representations regarding the mortgage debt in violation of §1692e, e(2)(A), and e(10) as the mortgage debt was not owed at the time Defendant asserted it was owed. Plaintiff further alleges that Defendant violated §1692f and f(1) by attempting to collect an amount not permitted by law as the Discharge Injunction prohibits attempts to collect debt that was discharged in bankruptcy. Plaintiff asserts individual and class claims. The putative class is defined as follows:

> All individuals residing in the State of Illinois (a) who received a written correspondence from Defendant; (b) within the one (1) year prior to the filing of the original complaint and during its pendency; (c) the same as or substantially similar to the mortgage statement attached [to] Exhibit A [of the Complaint]; (d) attempting to collect a mortgage loan that was in default when Defendant began servicing it; (e) that was discharged in a Chapter 7 or Chapter 13 bankruptcy proceeding pursuant to 11 U.S.C. §§727 or 1328(a).

Cenlar generally denies the allegations of the complaint.

    **D.**    **Status of Service:** Defendant was duly served and has filed an Answer to Plaintiff's Complaint (after removing the case from state court).

    **E.**    **Principal Legal Issues:**

        a. Whether Defendant's mortgage statements attempted to collect a discharged debt.

        b. Whether Defendant's mortgage statements violate §§1692e, e(2)(A), e(10), f, and f(1) of the FDCPA.

        c. Whether the class claims meet the requirements of Rule 23 for class certification.

    **F.**    **Principal Factual Issues:**

        a. Whether Defendant's mortgage statements attempted to collect a debt from Plaintiff.

      b. Whether Defendant sent similar mortgage statements to other individuals that received a bankruptcy discharge.

**G.** **Trial:** Plaintiff has demanded a jury trial.

**H.** **Discovery Status:**

      a. The Parties have yet to engage in any discovery. The Parties believe that written and oral discovery will be necessary.

      b. Proposed Discovery Schedule:

        i. Written discovery to be issued no later than October 1, 2022.

        ii. Fact discovery (including class discovery) to be completed by July 31, 2023.

        iii. The Parties to not anticipate any expert discovery.

**I.** **Trial:**

      a. Parties anticipate that they will be ready for trial by January 2024.

      b. A trial of Plaintiff's individual claims would likely last 2 days. If a class is certified, a trial of the putative class claims would likely last over a week.

**J.** **Magistrate Consent:**

      a. The Parties do not unanimously consent to proceed before a Magistrate Judge.

**K.** **Status of Settlement Discussion:**

      a. The Parties have yet to engage in settlement discussions. Plaintiff is prepared to make a demand upon request.

**L.** **Settlement Conference**:

      a.      Parties do not request a settlement conference at this time.

Respectfully submitted,


| /s/ *Mohammed O. Badwan* | /s/ *Ryan A. Sawyer* |
|---|---|
| Mohammed O. Badwan | Ryan A. Sawyer |
| **Counsel for Plaintiff** | **Counsel for Defendant** |